UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

VAIBHAV SRIVASTAVA, *et. al.*,

Plaintiffs,

-v-

WILSON ROOSEVELT and US FOODS, INC.,

Defendants.

---------------------------------------------------------------------X

26 Civ. 5716 (JPC)

ORDER

JOHN P. CRONAN, United States District Judge:

The Complaint in this action was filed on July 6, 2026. Dkt. 1. Pursuant to Federal Rule of Civil Procedure 4(m), service was due on October 5, 2026. The docket did not reflect whether Defendants had been served, so on October 20, 2026, the Court ordered Plaintiffs to advise the Court whether service had been made and whether good cause exists to excuse Plaintiffs' failure to timely serve Defendants. Dkt. 8. In response, Plaintiffs represented that Defendant US Foods, Inc. was served on October 15, 2026, and that Defendant Wilson Roosevelt was served on October 20, 2026. Dkt. 13; *see* Dkts. 10-12.

Plaintiffs acknowledge that service was not completed within Rule 4(m)'s 90-day period. They say that counsel spent the initial service period gathering medical and damages information, including from two Plaintiffs who live in India, in an effort to resolve the case, and that counsel was in Israel from September 15 to October 6, 2026, during the High Holy Days, when his religious observance prohibited him from working. Dkt. 13 at 2. Alternatively, Plaintiffs ask the Court to exercise its discretion to extend the service period *nunc pro tunc* even absent good cause. *Id.* at 2-3.

While the Court does not find that good cause exists under Rule 4(m) to extend Plaintiffs' time to complete service, the Court extends that time in its discretion, *nunc pro tunc*, through November 20, 2026. The statute of limitations has run, so declining to extend the time for service would effectively bar Plaintiffs' claims. By contrast, the delay in service was brief and neither Defendant has identified any prejudice resulting from it. *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) (holding that "district courts have discretion to grant extensions even in the absence of good cause").

On October 29, 2026, counsel for Defendants emailed the Court a letter seeking leave to file a motion to dismiss for failure to effect timely service. That letter was not filed on ECF, and defense counsel has not yet appeared in this action. The Court attaches a copy of that letter motion to this Order, which is denied as moot.

SO ORDERED.

Dated: October 30, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

LEWIS BRISBOIS®

Jennifer Oxman
140 Broadway, 31st Floor
New York, New York 10007
Jennifer.Oxman@lewisbrisbois.com
Tel: 212.232.1300

October 28, 2026

**VIA EMAIL: CronanNYSDChambers@nysd.uscourts.gov**
Hon. John P. Cronin
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

**Re:** Request to File Motion to Dismiss; Civil Action No. 1:26-CV-5716
**Vaibhav Srivastava et. al. v. Wilson Roosevelt, and US Foods Inc.**

Dear Judge Cronan:

Pursuant to Section 6.A of Your Honor's Individual Rules and Practices, Defendants Wilson Roosevelt and US Foods, Inc. ("Defendants") respectfully submit this letter requesting leave to file a motion to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m).

Defendants intend to move on the ground that Plaintiffs failed to effect timely service of process. Rule 4(m) requires a plaintiff to serve a defendant within 90 days after the complaint is filed. If service is not effectuated within that period, the Court must either dismiss the action without prejudice or order that service be made within a specified time. Unless the plaintiff demonstrates good cause for the delay, dismissal is appropriate.

Here, Plaintiffs commenced this action on July 6, 2026, the final day on which the action could be timely commenced. Despite waiting until the last permissible day to file suit, Plaintiffs then failed to effect service within the ninety-day period prescribed by Rule 4(m). Plaintiffs were therefore required to serve Defendants no later than October 4, 2026. Plaintiffs did not serve Defendants until October 16, 2026, more than ninety days after commencement of the action. Upon review of the docket, Defendants are unaware of any application for, or order granting, an extension of the Rule 4(m) deadline.

Because Plaintiffs failed to serve Defendants within the time prescribed by Rule 4(m), Defendants respectfully submit that dismissal is warranted pursuant to Rules 12(b)(5) and 4(m).

Respectfully Submitted,

*/s/ Jennifer Oxman*
Jennifer Oxman of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

JO/

CC: Edward S. Antar: **Eantar.esq@gmail.com**